UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ZOLTEK COMPANIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04cv703 SNL |
| ) | |
| ACCORDIS UK LIMITED and SGL ) | |
| CARBON, L.L.C., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This is before the Court on Defendant SGL Carbon's Motion to Dismiss (#20), filed June 30, 2005. The motion seeks dismissal of all Zoltek's claims for failure to effect timely service of process.

Zoltek filed suit in the St. Louis County Circuit Court against two corporations, Accordis UK Limited (Accordis) and SGL Carbon, L.L.C. (SGL). On May 11, 2004, SGL properly removed the action to federal court. SGL subsequently filed a Motion to Dismiss, or in the Alternative, Motion to Quash for Insufficient Service of Process. Zoltek did not respond. In an Order dated November 11, 2004, this Court found that SGL had gone through a corporate restructuring and that Zoltek, who was unaware of the restructuring, mistakenly served a non-existent entity. Taking this into consideration, the Court granted the Motion to Quash and gave Zoltek an additional 120 days to properly serve SGL.

Per the Order, Zoltek had until March 14, 2005 to effect process on SGL. Zoltek failed to meet this deadline. On May 20, 2005, this Court issued an Order to Show Cause, demanding that

Zoltek explain why its case should not be dismissed for failure to serve either defendant and for want of prosecution. In its response, Zoltek stated that its failure to serve SGL was due to a clerical error, and did not explain its failure to serve Accordis. Zoltek finally served SGL on June 1, 2005, more than one year after this case was removed to federal court.

On June 24, 2005, this Court issued an Order to Show Cause, stating that Zoltek's case against Accordis would be dismissed unless Zoltek filed return of service on or before July 5, 2005. Plaintiff filed two memoranda in response, one stating that Accordis had not been served, and the other indicating that Accordis filed bankruptcy in May of 2005, and therefore could not be served. On July 8, 2005, this Court issued a third Order to Show Cause, requiring that the parties explain why this case should not be dismissed as to Accordis, or at least stayed as to such defendant pending its bankruptcy. As of today's date, Zoltek has yet to respond.

According to Federal Rule of Civil Procedure 4(m):

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Per this rule, Zoltek was to serve process upon the defendants on or before September 8, 2004. This Court subsequently extended the deadline until March 14, 2005. Despite this gracious extension, Zoltek failed to timely serve either defendant.

Zoltek argues that its failure is excusable for good cause. "A showing of good cause requires at least 'excusable neglect'--good faith and some reasonable basis for noncompliance with the rules."

2

*Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996). Plaintiff blames its failure to serve SGL on a clerical error and its failure to serve Accordis on a bankruptcy proceeding. Considering the procedural history of this action, the Court finds these excuses paltry. If Zoltek had actively prosecuted its suit, a "clerical error" would not have gone unnoticed for over a year and Accordis would have been served long before its bankruptcy filing. In sum, Zoltek has not shown that its failure to serve either defendant was due to excusable neglect. Therefore, SGL's Motion to Dismiss is granted. In addition, the Court dismisses all claims against Accordis *sua sponte*.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice.

Dated this 20th day of March, 2006.

*/s/ Stephen N. Limbaugh*
_____
SENIOR UNITED STATES DISTRICT JUDGE